IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS - SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM D. GARDNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  08-3090 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION

CHARLES H. EVANS, U.S. Magistrate Judge:

Plaintiff  William  D.  Gardner  appeals  from  a  final  decision  of  the Social  Security  Administration (SSA) denying his application for Disability Insurance Benefits (DIB) and Supplemental Social Security Income (SSI) under Chapters II and XVI of the Social Security Act, 42 U.S.C. §§ 416, 423,  and  1381a.    Gardner  brings  this  appeal  pursuant  to  42  U.S.C.  § 405(g).  The parties have consented to a determination of this case by the United  States  Magistrate  Judge,  pursuant  to  28  U.S.C.  §  636.    Order entered December 12, 2008 (d/e 16).  The parties have filed cross-motions

1

for summary judgment or affirmance pursuant to Local Rule 8.1(D). <u>Motion for Summary Judgment (d/e 17)</u>; <u>Motion for Summary Affirmance (d/e 19)</u>. For the reasons set forth below, the Court determines that the SSA's decision is supported by the law and the evidence. The SSA's Motion for Summary Affirmance therefore is allowed, and Gardner's Motion for Summary Judgment is denied.

## FACTS

Gardner applied for DIB and SSI on August 29, 2003. He claims that diabetes, shingles, progressive loss of vision, and arthritis have made it impossible for him to work. He alleges a disability onset date of January 1999. In 1999, Gardner performed order filling and restocking duties at an engine and anti-freeze warehouse. In 2000, he took a job installing propane systems and building steel grain bins. He last worked in July 2003, when he performed odd jobs as a self-employed auto mechanic and builder helper. Initially, the SSA denied Gardner's claims, and it did so again on reconsideration. Gardner then requested a hearing, which was held December 5, 2006. A vocational expert was scheduled for this hearing but did not appear. During the hearing, the Administrative Law Judge (ALJ) proposed sending written interrogatories

to the vocational expert. The day after the hearing, she sent her proposed interrogatories to Gardner's attorney and gave him the opportunity to object to any of the proposed interrogatories, to propose additional ones, or to object to this method of obtaining information from an expert. She also indicated that upon receipt of the expert's responses, she would allow Gardner to comment on the responses, submit additional evidence, ask her to submit additional interrogatories to the expert, or request a supplemental hearing. The record contains no evidence that Gardner's attorney responded to the ALJ's letter. The ALJ sent the interrogatories to vocational expert Ron Malik, and when the ALJ received his responses, she sent them to Gardner's attorney. Malik concluded that an individual of Gardner's age, education, work experience, and residual functional capacity could perform the requirements of certain representative occupations. Gardner did not respond.

On May 8, 2007, the ALJ issued a decision denying Gardner's application. She held that Gardner had not engaged in substantial gainful activity since his alleged onset date. She concluded that he suffered from diabetes mellitus with a history of treated retinopathy and neuropathy, coronary artery disease post angioplasty, hypertension, hyperlipidemia,

3

degenerative joint disease and osteoarthritis with complaints of pain in various joints, and chronic obstructive pulmonary disease. Yet, according to the ALJ, none of Gardner's impairments were severe enough to meet or equal the requirements for a listed impairment. Regarding Gardner's retinopathy and neuropathy, which are relevant for this appeal, the ALJ noted that Gardner's most recent report from a treating eye doctor indicated that his vision was 20/20 in the right eye and 20/30 in the left. She also indicated that at the hearing, Gardner had testified that he could drive, watch television, and read the newspaper.

Based on her review of the record, the ALJ concluded that Gardner had the residual functional capacity to perform light and sedentary work, except that he could not perform repetitive over-the-shoulder work or climb or work at unprotected heights. These limitations prevented him from performing his past work. Based on the vocational expert's interrogatory responses, however, the ALJ concluded that Gardner could perform a significant number of jobs in the national economy. The vocational expert found that Gardner possessed transferrable skills. Moreover, even if Gardner did not, the vocational expert concluded that a person with his age, education, work experience, and residual functional

capacity could perform the requirements of certain representative occupations, including the work of a cashier, counter clerk, retail sales clerk, ticket checker, sedentary account clerk, order clerk, telephone information clerk, information clerk, routing clerk, and packaging machine tender. The ALJ held that "[b]ased on the testimony of the vocational expert . . . the claimant has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Administrative Record (d/e 14 & 15) ®.) 23.   Thus, the ALJ found Gardner not disabled.

Gardner then filed a request for review by the Appeals Council on May 8, 2007.  He stated only that he disagreed with the ALJ's decision. On September 5, 2007, the Appeals Council denied Gardner's request for review. On October 26, 2007, after Gardner retained new counsel, he asked the Appeals Council to vacate its denial and consider new evidence in his case.   On December 26, 2007, the Appeals Council denied his request. Gardner again asked the Appeals Council to vacate its decision on February 8, 2008. He enclosed new medical records that he argued were material to his claim.  The records related to his diabetic retinopathy, which he stated had worsened since the ALJ's decision. The

records contained information regarding doctor's visits as recent as November 8, 2007. On March 6, 2008, the Appeals Council again denied Gardner's request to vacate its decision and reopen his case. It stated that the new evidence submitted involved "a time period substantially after the period of time we reviewed." R. 463-64. The Appeals Council stated that because the records suggested a worsening in Gardner's condition, he should file a new application based on new evidence and allegations. The Appeals Council returned the new records to Gardner with its decision.

Subsequently, Gardner filed a new application for benefits. He indicates that on December 22, 2008, he was approved for benefits in the new case.

## ANALYSIS

Gardner now asks this Court to review the ALJ's decision in his first case and remand to the ALJ for further consideration. Gardner argues that the ALJ should not have accepted interrogatory evidence from the vocational expert because doing so deprived him of the opportunity to cross-examine the expert. He also contends that the Appeals Council should have considered the new evidence he submitted on February 8,

2008 because it supported his claim that his disability began in January 1999. Finally, Gardner contends that "[b]ased on the evidence that is not a part of this exhibit file, I have been approved for SSI as of December 22, 2008," and therefore the Court should find him disabled here. Motion for Summary Judgment, at 1.

I.  INTERROGATORIES

The ALJ's use of interrogatory evidence does not necessitate a remand here. Interrogatories are an approved method of questioning a vocational expert. See Ragsdale v. Shalala, 53 F.3d 816, 819 (7th Cir. 1995); Tom v. Heckler, 779 F.2d 1250, 1252 (7th Cir. 1985). The ALJ initially gave Gardner the opportunity to object to her questions or submit his own, and once the vocational expert tendered his responses, the ALJ provided Gardner the opportunity to object, request follow-up questions, or request a supplemental hearing. Gardner had ample opportunity to use the interrogatory process himself; the ALJ did not deprive him of his right to respond. See SSR 96-9P n.8 ("At the hearings and appeals levels, vocational experts (VEs) are vocational professionals who provide impartial expert opinion during the hearings and appeals process either by testifying

7

or by providing written responses to interrogatories. . . . Whenever a VE is used, the individual has the right to review and respond to the VE evidence prior to the issuance of a decision."). Gardner's failure to take advantage of the process does not necessitate a remand.

II.     EVIDENCE SUBMITTED TO THE APPEALS COUNCIL

Gardner also argues that new evidence he submitted to the Appeals Council on February 8, 2008 supports his claim, but he fails to establish that this evidence merits a remand by this Court. First, it is important to note that an Appeals Council denial of a request to reopen is not subject to judicial review. Diaz v. Chater, 55 F.3d 300, 305 n.1 (7th Cir. 1995). Thus, the Court has no authority to determine whether the Appeals Council should have reopened Gardner's case based on this new evidence.

The Court does have authority to determine whether new and material evidence merits a remand to the ALJ, but Gardner has not shown that this evidence does so. Under 42 U.S.C. § 405(g), a court may remand a decision based on evidence the claimant never presented to the ALJ if the claimant establishes that his evidence is new and material and that he had good cause for failing to submit it to the ALJ. Here, Gardner offers no explanation for

his failure to provide such evidence to the ALJ.

Indeed, he fails even to show that the evidence was new and material. To be new, evidence must not have been available at the time of the administrative hearing. <u>Perkins v. Chater</u>, 107 F.3d 1290, 1296 (7th Cir. 1997). Gardner fails to explain why this evidence was not available at the time of the hearing. For evidence to be material, there must be a reasonable probability that the ALJ would have reached a different conclusion had she considered this evidence. <u>Id.</u> Again, Gardner fails to show that his evidence would have convinced the ALJ to rule in his favor. Moreover, the Court cannot determine for itself whether the evidence is new or material, because Gardner has not submitted it. The Appeals Council returned the evidence to him with its denial of his request to vacate the ALJ's judgment, and he has not filed it in this case. Gardner has not shown that this evidence entitles him to a remand.

III.   <u>POST-DECISION APPROVAL</u>

Finally, Gardner contends that his SSI approval in a separate case filed after the ALJ's decision here supports his request for a reversal of the ALJ's decision in this case, but he is incorrect. Yet, "a subsequent favorable

decision itself" does not merit a remand.  <u>Allen v. Commissioner of Social Sec.</u>, 561 F.3d 646, 653 (6th Cir. 2009) ("[T]he mere existence of the subsequent decision in [the claimant's] favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding."). The evidence that supported a finding of disability in Gardner's subsequent case might have merited a remand here, but because Gardner has not presented it to the Court for review, the Court cannot decide that issue.

Moreover, Gardner indicates that the subsequent decision found him disabled as of December 22, 2008, well past the date of the ALJ's decision. Evidence relating to his condition as of December 22, 2008 could not have affected the ALJ's decision on whether he was disabled before that date. <u>Getch v. Astrue</u>, 539 F.3d 473, 484 (7th Cir. 2008). Thus, the subsequent finding of disability does not indicate that the ALJ wrongly decided Gardner's claim in May of 2007.

THEREFORE, Gardner's Motion for Summary Judgment (d/e 17) is DENIED, and Defendant's Motion for Summary Affirmance (d/e 19) is ALLOWED. All pending motions are denied as moot. This case is closed.

ENTER: August 25, 2009.

FOR THE COURT:

                                                s/ Charles H. Evans
                                              CHARLES H. EVANS
                                      United States Magistrate Judge